NATIONAL WILDLIFE FEDERATION,
et al., Plaintiffs,

v.

UNITED STATES FOREST SERVICE,
et al., Defendants,

and

Davidson Industries, Inc., et al.,
Defendant-Intervenors.

Civ. No. 83–1153–SO.

United States District Court,
D. Oregon.

Aug. 6, 1984.

AMENDED JUDGMENT

SOLOMON, District Judge.

This matter coming on for trial before the court on November 28, 1983, the parties having presented evidence and arguments, and the court having rendered and filed an amended opinion dated August 6, 1984, it is hereby ORDERED and ADJUDGED THAT:

1. The federal defendants' Seven Year Action Plan for fiscal years 1983–1989, inclusive, for the Mapleton Ranger District, Siuslaw National Forest, is a proposal for major federal action significantly affecting the human environment.

2. The federal defendants have not complied with the National Environmental Policy Act. The failure of the federal defendants to prepare an environmental impact statement on the Seven Year Action Plan is unreasonable. The environmental assessments prepared for each timber sale included in the Seven Year Action Plan are not sufficient to comply with the requirements of the National Environmental Policy Act.

3. Except as provided in paragraphs 4 and 5, the federal defendants, their agents and employees are enjoined from offering for sale, or selling, any timber on the Mapleton Ranger District of the Siuslaw National Forest.

4. Notwithstanding the injunction in paragraph 3, the federal defendants may offer for sale, and sell, the following types of timber sales on the Mapleton Ranger District:

A. Commercial thinning, not to exceed one million board feet annually;

B. Noncommercial firewood, and Christmas trees;

C. Commercial firewood of yarded, unmerchantable material and of dead and down material;

D. Greenery sales of limbs and boughs for decorative purposes.

Provided, the federal defendants may not sell any timber on the Wassen Creek watershed.

5. Notwithstanding the injunction in paragraph 3, the federal defendants may offer for sale, and sell, other timber included in the small sale program, including salvage of dead and down material and small clear cut sales, on the Mapleton Ranger District, but not in excess of the levels identified in the Seven Year Action Plan, if the Pacific Northwest Forest and Range Experiment Station designs and leads a study on, the implementation effectiveness of headwall and stream adjacent leave areas; provided that the study may not provide for the harvest of timber.

6. Prior to offering for sale any timber on the Mapleton Ranger District, other than described in paragraphs 4 and 5, the federal defendants shall submit to the court a final environmental impact statement, or in the alternative, the federal defendants must include a worst case analysis and an analysis of cumulative impacts in the environmental assessment for each timber sale in the Seven Year Action Plan.

7. For the reasons given in the court's amended opinion of August 6, 1984, Counts 1, 2 and 3 of plaintiffs' complaint, and the claims stated therein, are dismissed.

8. The clerk will tax costs and disbursements in favor of the plaintiffs and against the federal defendants in the amount of $4,340.65. Plaintiffs' right to attorney's fees will be determined later.